**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 22 2004

LUTHER D. THOMAS, Clerk
By: _____ 
Deputy Clerk

INSIGHT GLOBAL, INC.,

        Plaintiff,

v.

INSIGHT DIRECT U.S.A., INC. and
INSIGHT ENTERPRISES, INC.,

        Defendants.

**1:04-CV-3747 JEC**

CIVIL ACTION NO. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 1331, 1332 and 2201, and Federal Rule of Civil Procedure 57, Plaintiff Insight Global, Inc. ("Plaintiff") files this Complaint for Declaratory Judgment, showing the Court as follows:

### PARTIES

1.    Plaintiff is a Georgia corporation with its principal place of business at 4330 Georgetown Square, Suite 506, Atlanta, Georgia 30338.

2.    Defendant Insight Direct U.S.A., Inc. ("Insight Direct U.S.A.") is, upon information and belief, an Illinois corporation with its principal place of business at 1305 W. Auto Drive, Tempe, Arizona 85284. Insight Direct U.S.A. may be served with process at 3761 Venture Drive, Duluth, Georgia 30096 care of its registered agent, National Registered Agents, Inc.

1849418v1

3.     Defendant Insight Enterprises, Inc. ("Insight Enterprises") is, upon information and belief, a Delaware corporation with its principal place of business at 1305 W. Auto Drive, Tempe, Arizona 85284 and may be served with process at this address.

4.     Upon information and belief, Insight Enterprises is the parent corporation of Insight Direct U.S.A. (Insight Enterprises and Insight Direct U.S.A. are hereinafter collectively referred to as "Defendants").

## JURISDICTION AND VENUE

5.     This matter arises under the laws of the United States.  Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

6.     There is complete diversity of citizenship between Plaintiff and all Defendants.  The amount in controversy exceeds $75,000.00, exclusive of costs and interest.  Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  This Court also has original jurisdiction pursuant to 28 U.S.C. § 2201.

7.     Upon information and belief, Defendants have regularly and continuously conducted business in the State of Georgia, and within this judicial district and division.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this controversy occurred

- 2 -

## FACTS COMMON TO ALL COUNTS

9.  Plaintiff is a technical staffing company that provides technical contract labor such as programmers, technical support, and telecommunications professionals.

10.  Plaintiff has provided its technical staffing services under the service-mark INSIGHT GLOBAL since at least early 2001.

11.  Plaintiff registered the domain name *insightglobal.net* in early 2001 to market and promote its technical staffing services. Plaintiff has continuously used this domain name since early 2001.

12.  By way of letters dated November 17, 2004 and December 15, 2004, true and accurate copies of which are attached hereto respectively as Exhibits A and B, Defendants accuse Plaintiff of federal trademark infringement under 15 U.S.C §§ 1125(a) and (c), as well as for violations of the ICANN Uniform Domain Names Dispute Resolution Policy, the Anticybersquatting Consumer Protection Act, and other statutory and common law rights. In Defendants' November 17, 2004 letter, Defendants demand, among other things, that Plaintiff cease using its name and surrender the *insightglobal.net* domain name. Most outrageously, Defendants also demand that Plaintiff immediately give Plaintiff's customer list to Defendants!

13.  Defendants accuse Plaintiff of deliberately and willfully infringing

1849418v1

Defendants' INSIGHT service-mark and trademark through Plaintiff's use of the INSIGHT GLOBAL mark and the *insightglobal.net* domain name.

14. Defendants claim to be the owners of the service-mark INSIGHT, Registration No. 1,940,956, and contend that the INSIGHT service-mark was first registered on the principal register of the United States Patent and Trademark Office ("USPTO") in 1995.

15. A document attached to Defendants' November 17, 2004 letter, a true and accurate copy of which is attached hereto as Exhibit C, states that the INSIGHT service-mark is registered in International Class 42, for use in association with:

> mail order catalog services and retail store services of microcomputers and components, including sound boards, microprocessors, mother boards, memory chips, host adaptors, disk accelerators, controllers, acceleration boards; notebook computers and components, including sound boards, microprocessors, mother boards, memory chips, host adaptors, disk accelerators, controllers, acceleration boards; computer accessories and peripherals; CD-ROM components; software and accessories; printers, accessories and supplies; monitors, both internal and external; scanners; hard drives, both internal and external; floppy drives, both internal and external; tape backup components; data storage and mass storage products; memory systems; power supplies; modems; sound equipment, namely speakers, headphones, microphones and sound cards; multimedia components, namely joysticks, drives, multimedia cards, software, speakers, microphones, video card and monitors, video tapes; PMCIA cards and jacks; networking modules and products; T-shirts, in class 42

(U.S. Cls. 100 and 101).

16.    The services offered in connection with Plaintiff's INSIGHT GLOBAL mark and domain name (temporary staffing of contract laborers with technical expertise) differ significantly from the products offered in connection with Defendants' INSIGHT service-mark (computer hardware and software sold through mail order and retail outlets).  Furthermore, Defendants do not offer temporary staffing services, and Plaintiff does not sell computer hardware and equipment.

17.    Defendants also claim to be the owners of the trademark INSIGHT, Registration No. 2,201,609, and contend that the INSIGHT trademark was registered on the principal register of the USPTO in 1998.

18.    A document attached to Defendants' November 17, 2004 letter, a true and accurate copy of which is attached hereto as Exhibit D, states that the INSIGHT trademark is registered in International Class 9, for use in association with "microcomputers and components thereof."

19.    The services offered in connection with Plaintiff's INSIGHT GLOBAL mark and domain name (temporary staffing of contract laborers with technical expertise) differ significantly from the products offered in connection with Defendants' INSIGHT trademark (computer hardware and software). Furthermore, Defendants do not offer temporary staffing services, and Plaintiff

does not sell computer hardware and software.

20.    Plaintiff's INSIGHT GLOBAL mark and domain name differ significantly in terms of appearance and sound from Defendants' INSIGHT service-mark and trademark, especially considering the inclusion of the word "Global" in Plaintiff's mark and domain name.

21.    Plaintiff's INSIGHT GLOBAL mark and domain name have coexisted with Defendants' INSIGHT service-mark and trademark in the marketplace for several years without any evidence of actual confusion.

22.    Additionally, the use of the term "Insight" is prolific in the marketplace, particularly in connection with IT-related products and services. Thus, Defendants' INSIGHT service-mark and trademark are diluted and are entitled to a very limited scope of protection.

23.    The channels of trade in which and the customers to whom Plaintiff's services are marketed are different from the channels of trade in which and the customers to whom Defendants' goods and services are marketed.

## COUNT I

### (Declaration of Non-Infringement of Registration No. 1,940,956)

24.    Plaintiff incorporates by reference paragraphs 1-23 as if restated herein in their entirety.

25.    There is no likelihood of confusion between Defendants' INSIGHT

1849418v1

service-mark and Plaintiff's INSIGHT GLOBAL mark and domain name, and Defendants' accusations of infringement are without merit.

26.    Plaintiff is entitled to a declaration that there is no likelihood of confusion between its INSIGHT GLOBAL mark and domain name and Defendants' INSIGHT service-mark. Plaintiff is also entitled to a declaration that its INSIGHT GLOBAL mark and domain name do not infringe Defendants' INSIGHT service-mark, Registration No. 1,940,956.

## COUNT II

### (Declaration of Non-Infringement of Registration No. 2,201,609)

27.    Plaintiff incorporates by reference paragraphs 1-26 as if restated herein in their entirety.

28.    There is no likelihood of confusion between Defendants' INSIGHT trademark and Plaintiff's INSIGHT GLOBAL mark and domain name, and Defendants' accusations of infringement are without merit.

29.    Plaintiff is entitled to a declaration that there is no likelihood of confusion between its INSIGHT GLOBAL mark and domain name and Defendants' INSIGHT trademark. Plaintiff is also entitled to a declaration that its INSIGHT GLOBAL mark and domain name do not infringe Defendants' INSIGHT trademark, Registration No. 2,201,609.

1849418v1

## COUNT III

### (Declaration that Plaintiff's Use of the *insightglobal.net* Domain Name Does Not Violate the Anticybersquatting Consumer Protection Act)

30.    Plaintiff incorporates by reference paragraphs 1-29 above as if restated herein in their entirety.

31.    Defendants contend that Plaintiff's registration and use of its domain name *insightglobal.net* is a violation of the Anticybersquatting Consumer Protection Act, and that Defendants are thereby entitled to "recover statutory damages of up to $100,000 per domain name violation." (Exhibit A, p. 2).

32.    Plaintiff has used the *insightglobal.net* domain name since early 2001 in conjunction with the offering of its technical staffing services. Plaintiff adopted this domain name in good faith without any intent to trade upon Defendants' name or reputation.

33.    Furthermore, there are innumerable domain names containing the term "insight."

34.    Plaintiff has not violated the Anticybersquatting Consumer Protection Act by its registration and use of its *insightglobal.net* domain name. Consequently, Defendants' demand that Plaintiff cease using the *insightglobal.net* domain name and transfer it to Defendants is unfounded.

35.    Plaintiff is entitled to a declaration that the registration and use of its *insightglobal.net* domain name does not violate the Anticybersquatting Consumer

- 8 -

Protection Act.

## ACTUAL CONTROVERSY AS TO ALL COUNTS

36.    Defendants have threatened to take legal action if Plaintiff does not comply with a list of demands contained in Defendants' letters of November 17, 2004 and December 15, 2004, thus giving Plaintiff more than a reasonable apprehension that Defendants will attempt to enforce their purported rights through litigation. Plaintiff has a legal right to continue using its INSIGHT GLOBAL mark and its *insightglobal.net* domain name. Moreover, discontinuing use of Plaintiff's mark and domain name would cause it significant harm. Therefore, there is an actual controversy between Plaintiff and Defendants as to all counts alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

(1)    A judgment and declaration that there is no likelihood of confusion between the Plaintiff's INSIGHT GLOBAL mark and Defendants' INSIGHT service-mark, Registration No. 1,940,956, or Defendants' INSIGHT trademark, Registration No. 2,201,609;

(2)    A judgment and declaration that there is no likelihood of confusion between the Plaintiff's *insightglobal.net* domain name and Defendants' INSIGHT service-mark, Registration No. 1,940,956, or Defendants' INSIGHT trademark,

1849418v1

Registration No. 2,201,609;

(3)    A judgment and declaration that Plaintiff's INSIGHT GLOBAL mark does not infringe Defendants' INSIGHT service-mark, Registration No. 1,940,956, or Defendants' INSIGHT trademark, Registration No. 2,201,609;

(4)    A judgment and declaration that Plaintiff's registration and use of the *insightglobal.net* domain name does not infringe Defendants' INSIGHT service-mark; Registration No. 1,940,956, or Defendants' INSIGHT trademark, Registration No. 2,201,609;

(5)    A judgment and declaration that Plaintiff's use of its INSIGHT GLOBAL mark and its *insightglobal.net* domain name do not violate the Anticybersquatting Consumer Protection Act;

(6)    That Plaintiff have and recover its attorneys' fees and costs in maintaining this action, and such other relief as the Court deems equitable; and

(7)    That Plaintiff have such other and further relief as may be just and proper under the circumstances of this case.

- 10 -

ARNALL GOLDEN GREGORY LLP

Scott E. Taylor
Georgia Bar No. 785596

171 17th Street, Suite 2100
Atlanta, Georgia 30363
Telephone:    404.873.8500
Facsimile:     404.873.8501

Attorneys for Plaintiff
Insight Global, Inc.

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff GLOBAL INSIGHT, INC. certifies, pursuant to L.R. 7.1, NDGa. that Plaintiff's **COMPLAINT FOR DECLARATORY JUDGMENT** was prepared in accordance with L.R. 5.1, NDGa. using Times New Roman font, 14 point.

This _22_ day of December, 2004.

Scott E. Taylor

1849418v1